PAUL W. BLAKE
Attorney at Law
State Bar #94963
4045 Bonita Road, Suite 202
Bonita, California 91902
(619) 908-6429/FAX (619) 578-2805

Attorney for Defendant  PHUONG (JOHN) QUOC TRUONG

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. JOHN A. HOUSTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case Nos. 07-CR-1312-JAH/ 08-CR-0746-JAH |
| Plaintiff, | SUPPLEMENTAL OBJECTIONS TO PRESENTENCE REPORT |
| v. | DATE: March 15, 2010<br>TIME:    8:30 a.m. |
| PHUONG (JOHN) QUOC TRUONG, | |
| Defendant. | |

Comes now the defendant, by and through his court-appointed counsel, files this supplemental Objections to the Presentence Report. Defendant reincorporates the previously filed Objections.

**DISPUTE OF FACTS**

The probation officer declares this as one over-arching operation. What in fact occurred was that the defendant had a brother-in-law named Tai Tran. Originally there were three of them in the summer of 2002. However Tai Tran, another individual named Kai Tran, split, went to Canada and performed some acts up there separate and apart from what defendant did. However, it should also be noted that most of the training was done by Mr. Arenson with respect to the dealers and the people who were performing the actual cheating operation. Probation has merged this all into one operation when in fact there were divisions and other conspiracies. Defendant also objects to page 3 of the Probation Officer's

1  Report at lines 37, where it attempts to convey the impression that this operation all went
2  very smoothly and that winning $50,000 in ten minutes fails to take into account that the
3  defendant could lose up to $50,000 in ten minutes when the cards were scored wrong.  Then
4  with respect to the 90 minutes mentioned at the Indiana Casino, with the winning of the
5  $868,000, it failed to note that at least half a million dollars was won out of sheer luck when
6  Sun Johnson played the entire shoe and got lucky.  The actual estimates are that defendant
7  lost $50,000 over ten times.  Many times, he would start out in this operations and wind up
8  coming home completely broke.  Sun Johnson would collect the money first and then would
9  turn over whatever was left to the defendant.
10         Defendant further objects to page 4, line 5; there was never any intimidation of
11 anyone at anytime.  Everyone chose to work either because they had gambling issues
12 themselves and they were broke and economically otherwise desperate.  No one was ever
13 recruited who did not willingly want to participate.  The probation officer fails to take note of
14 the fact that when people get caught, they often say things that are different to assist them
15 with their cases.  It should be noted that whenever a crew worked in Canada, it was always
16 connected to Mr. Tai Tran and not the defendant.  (PSR 5:6)
17         The probation officer again has it wrong with respect to the mention of George Lee.
18 Lee was never a body guard and in fact what occurred was that Lee begged to come along on
19 the operations so that he could make some money, and in fact, his participation was the result
20 of begging defendant.  The instance where Mr. Lee won $400,000 in Louisiana had
21 absolutely nothing to do with this defendant.  This is again the government's attempt to make
22 one conspiracy out of many and often there is no actual crime. There is a reference on page 5
23 to a person identified as CW who was in individual who contacted defendant and wanted to
24 work in the scheme, and in fact, had stolen money from this defendant and was the one who
25 began calling casinos and going to the police department, and has in fact lied about his actual
26 thefts.  He stole $10,000 but only talked about $1,000.  Defendant also would like to call the
27 court's attention to the fact that if you engage in these activities, all of the travel costs money
28 and that there is never a guarantee that you wouldn't return home broke.  Defendant

1  resembles a person who sells drugs and winds up using his own product.  Gambling is the
2  drug in this instance.  Defendant attempted to quit in 2006.  The other people involved
3  continued to pressure him to continue.  There were never any guns involved.  Defendant
4  never traveled with bodyguards.  There were people traveling with him, but they were
5  generally co-participants in the scheme.

6       There is also a misunderstanding with respect to the Emerald Queen.  This was a small
7  casino with limited betting of $500.  The probation officer's report does not discuss the many
8  times he lost and that in fact, out of the times he did play there, he cashed out $100,000 but it
9  was without cheating.  In Louisiana, the amount of $100,000 each time is not true.
10 Defendant lost $100,000 in Louisiana and half a million in Mississippi; he lost in both places.
11 When they began Blackjack, he lost more than he won.  When defendant lost, everyone else
12 would still be paid.

13      There is a discussion on page 10 where the probation officer seems to be indicating
14 defendant was going to flee to Vietnam.  He was at LAX for the purpose of purchasing
15 restaurant equipment in Vietnam.  He was not going to Vietnam to live.  At the time the FBI
16 arrested him, he had run out of all cash and he had had to take out loans. (Page 10)  The
17 report continues to include Van Tran in developing the scheme and technique.  It was only
18 the defendant and Tai Tran who developed it, and not his spouse.  It is again important to
19 understand that money went in and out, and that most of the money defendant gained or won,
20 he would lose it all.

21 Date: March 3, 2010          Respectfully submitted,

23                                /s/  Paul W. Blake
                                 PAUL W. BLAKE
                                 Attorney for PHUONG (JOHN) QUOC TRUONG

25 1:\Blake\Truong-supplPSR-objs

## CERTIFICATE OF SERVICE

Counsel for Defendant certifies that the foregoing pleading:

**SUPPLEMENTAL OBJECTIONS TO PRESENTENCE REPORT**

is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**MAILING INFORMATION FOR CASE 07-CR-1312-JAH / 08-CR-0746-JAH**

1.  **Electronic Mail Notice List**

The following are those who are currently on the list to receive email notices for this case.

efile.dkt.gc1@usdoj.gov

Date: March 3, 2010        /s/ Paul W. Blake
                           PAUL W. BLAKE
                           Attorney at Law
                           4045 Bonita Road, Suite 202
                           Bonita, California 91902
                           (619) 908-6429 (tel)
                           (619) 578-2805 (fax)
                           paulwblake@cox.net